[No. 4182.]

INGERSOLL v. THE COURT OF APPEALS ET AL.

JURISDICTION—SUPERINTENDING CONTROL OF SUPREME COURT OVER COURT OF APPEALS.

The supreme court will not in the exercise of its power of superintending control review by *certiorari* a judgment of the court of appeals, in a case in which that court has final appellate jurisdiction, on the ground that the court of appeals, in considering the case, disregarded its own rules and refused to follow the practice therein prescribed.

*Petition for Writ of Certiorari.*

Mr. HENRY TROWBRIDGE, for petitioner.

Messrs. PATTERSON, RICHARDSON & HAWKINS, for respondents.

PER CURIAM. This is one of the cases referred to in *The People ex rel. Green v. Court of Appeals, ante,* 405 ; and is instituted for the purpose of bringing here for review a judgment of the court of appeals in the case of *The Little Valeria Gold Mining & Milling Company v. Ingersoll,* reversing a judgment of the district court of El Paso county. The facts relied on as entitling petitioner to this relief are in brief as follows :

The petitioner obtained a decree establishing a lien for the sum of $2,129.25, together with attorney's fees and costs, amounting in the aggregate to less than $2,500, against the property of the Little Valeria Gold Mining & Milling Company. On error to the court of appeals this decree was reversed and the cause remanded, with instructions to dismiss the action. The jurisdiction of the court of appeals to review this decree, if properly before it, is admitted ; but it is alleged that the record filed in the court of appeals did not contain an authenticated copy of the judgment sought to be reviewed, and was in other respects incomplete ; that the bill of exceptions was not signed in time to entitle it to be considered in

the court of appeals, and that the assignment of errors did not contain the specific error upon which the court of appeals reversed the judgment. By reference to the opinion of the court of appeals, a copy of which should have been annexed to this petition (reported in 59 Pac. Rep. 970 ; 14 Colo. App. 240), it will be seen that these same objections were urged, and it was held that their discussion was foreclosed by a stipulation entered into by the parties, whereby the cause was submitted for final hearing on the amended abstract, which was found to contain facts sufficient to entitle the court to hear and determine the cause. The present application, therefore, amounts to this : that because, as it is averred, the court of appeals disregarded its own rules and refused to follow the practice therein prescribed, we should, in the exercise of our superintending control, review its action and determine whether or not it committed an error in passing upon the sufficiency of the record before it. It is manifest that such a case does not come within either of the instances in which our power should be exercised. *People ex rel. Green v. Court of Appeals, supra.*

The demurrer to the petition is therefore sustained, and the application denied.

*Petition denied.*